UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,          :       90 Cr. 824 (LMM)

        - v -                      :       <u>MEMORANDUM AND ORDER</u>

LUIS DIAZ,                         :

            Defendant.    :

------------------------------------x

McKENNA, D.J.

        The above defendant was sentenced, on April 14, 1994, to

360 months of imprisonment on Counts 1-6, 8 & 17 of the indictment,

240 months of imprisonment on Counts 13-15, to run concurrently

with the 360 months, and 60 months on Counts 7, 9 and 10, to run

consecutively to the 360 months.    (Judgment at 2.)    He was

sentenced to 4 years of supervised release.    (<u>Id.</u> at 3.)

        Defendant moves, <u>pro se</u>, pursuant to Fed. R. Crim. P. 36,

for a correction of his sentence.[1]

        At sentencing, the Court imposed a four-year term of

supervised release without indicating the count or counts to which

the supervised release related.    (Transcript, April 14, 1994, at

6.)    The judgment reflects the imposition of that term of

---

[1] The Court has read defendant's papers liberally in view of
his <u>pro se</u> status.

supervised release, not indicated to relate to any count or counts. (Judgment at 3.)

Defendant, in his motion, argues that the judgment should be corrected by an indication therein of the count to which the supervised release term pertains.

In the alternative, in a reply letter dated December 26, 2011, defendant asks that the judgment be amended in the description of the "Nature of Offense" as to Counts 2-6 and 8. He points out that "possession of a firearm" does not, standing alone, describe the offense in question. (Letter, Def. to Court, Dec. 26, 2011, at 2.)

The motion is denied in both respects.

The "lumping together" of the supervised release term without identification to particular counts is not improper in the Second Circuit, see Santana-Madera v. United States, 260 F.3d 133, 137 (2d Cir. 2001). Nor is it prejudicial. Count 1, by itself, carried with it a term of supervised release of four years. (See Presentence Report, June 28, 1993 [Ex. B to Gov't Letter Mem. dated Dec. 19, 2001)] at 17 ¶ 91 [citing 21 U.S.C. § 841(b)(1)(A)]).

The identification of Counts 7, 9 & 10 as "Possession of Firearm" does not require amendment, because that shorthand

description is accompanied by the citation of the specific statute violated, 28 U.S.C. § 924(c).

The motion is denied.

SO ORDERED.

Dated: January 13, 2012

Lawrence M. McKenna
U.S.D.J.

3